E-FILED
Monday, 18 August, 2025  03:48:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| MARK A. BARBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-4061 |
| | ) | |
| LATOYA HUGHES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER</u>**

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Jane Doe nurse prescribed Tylenol when he reported drowsiness, head and neck pain, stomach pain, and diarrhea. He alleges that the medication did not relieve his symptoms and that he later experienced shortness of breath. Plaintiff alleges that a nurse told him he should not have been taking Tylenol because of his other medical conditions. Plaintiff alleges that medical staff later diagnosed a urinary tract infection

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. *Id.* at 105. Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016).

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official's subjective awareness of a risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842. Courts defer to treatment decisions made by medical professionals unless the evidence shows that "no minimally competent professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008).

Plaintiff appears to allege that the first nurse misdiagnosed his condition, failed to account for his other medical conditions, or both. His allegations are too sparse to permit a plausible inference that the nurse knew that the medication would not be effective, that they were counter-indicated with his other conditions, or that the nurse otherwise acted with deliberate indifference. Plaintiff does not make any allegations against Defendants Strait Cox or Wexford. He cannot prevail against Defendants Hughes and Baker just because they were in charge.

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The Court finds that Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

### Plaintiff's Motions (Docs. 5, 6, 11)

Plaintiff filed several motions requesting appointment of counsel. 28 U.S.C. § 1915 permits the Court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The provision does not grant an indigent plaintiff a statutory or constitutional right to counsel in these types of cases, nor does it grant the Court the authority to require an unwilling attorney to represent either party. *Wilborn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018). If the case so warrants, a court can only ask a lawyer to volunteer his or her time. *Id.* The number of attorneys in this district willing to do so is substantially fewer than the number of pro se plaintiffs asking for pro bono counsel. The Court advises Plaintiff that neither this Court, nor the judge previously assigned this case, has appointed counsel to represent him. The Court has not collected any funds from Plaintiff for those purposes, nor does the Court have authority to do so.

In considering the Plaintiff's motion, the court asks: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation

and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motions are denied with leave to renew.

### Plaintiff's Motions (Docs. 7, 12, 13)

Plaintiff's motions seeking leave to submit exhibits to the Court are denied. Discovery material and other documents are generally not filed with the Court. Plaintiff will have an opportunity to present his exhibits at later stages of the case if he is able to state a claim for relief. The Court does not maintain a file of evidence for each case.

### Plaintiff's Motions (Docs. 8, 9, 15, 16, 17, 18)

Plaintiff's motions seeking issuance of a subpoena or an extension of time to obtain medical records are denied as premature. If Plaintiff states a claim and this case moves forward, Plaintiff should be able to obtain these records via discovery.

### Plaintiff's Motion (Doc. 10)

Plaintiff's motion requests a subpoena for his medical records, states that he has not heard from his appointed lawyer, and requests reimbursement of "some of the funds that I gave to the Court department because I never heard from an appointed attorney."

Plaintiff's request for a subpoena is denied for the reasons stated above. The Court has not recruited or appointed counsel to represent Plaintiff and cannot do so until Plaintiff meets the requirements stated above. The only funds the Court received from Plaintiff were the $405.00 for payment of the filing fee. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's**

**amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motions [5][6][11] are DENIED with leave to renew.**

3) **Plaintiff's Motions [7][8][9][10][12][13][15][16][17][18] are DENIED.**

4) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 18th day of August, 2025.


_____*s/Sara Darrow*_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE